Justice Scalia,
concurring.
The Court says that “closer review may be in order when the sentencing judge varies from the Guidelines based solely on the judge’s view that the Guidelines range ‘fails properly to reflect § 3553(a) considerations’ even in a mine-run case,” but that this case “present[s] no occasion for elaborative discussion of this matter.” Ante, at 109 (quoting Rita v. United States, 551 U. S. 338, 351 (2007)). I join the opinion only because I do not take this to be an unannounced abandonment of the following clear statements in our recent opinions:
“[Our remedial opinion] requires a sentencing court to consider Guidelines ranges,. . . but it permits the court to tailor the sentence in light of other statutory concerns as well, see § 3553(a).
“[W]ithout this provision — namely, the provision that makes ‘the relevant sentencing rules . . . mandatory and impose[s] binding requirements on all sentencing judges’ — the statute falls outside the scope of Apprendi’s requirement. ...
“The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing.” United States v. Booker, 543 U. S. 220, 245-246, 259, 264 (2005).
“Under the system described in Justice Breyer’s opinion for the Court in Booker, judges would no longer be tied to the sentencing range indicated in the Guidelines. But they would be obliged to ‘take account of’ that range along with the sentencing goals Congress enumerated in the [Sentencing Reform Act of 1984] at *113 18 U. S. C. § 3553(a).” Cunningham v. California, 549 U. S. 270, 286-287 (2007).
“[The sentencing judge] may hear arguments by prosecution or defense that the Guidelines sentence should not apply, perhaps because (as the Guidelines themselves foresee) the case at hand falls outside the 'heartland’ to which the Commission intends individual Guidelines to apply, USSG §5K2.0, perhaps because the Guidelines sentence itself fails properly to reflect § 3553(a) considerations, or perhaps because the case warrants a different sentence regardless. See Rule 32(f)____
“A nonbinding appellate presumption that a Guidelines sentence is reasonable does not require the sentencing judge to impose that sentence. Still less does it prohibit the sentencing judge from imposing a sentence higher than the Guidelines provide for the jury-determined facts standing alone. As far as the law is concerned, the judge could disregard the Guidelines and apply the same sentence (higher than the statutory minimum or the bottom of the unenhanced Guidelines range) in the absence of the special facts (say, gun brandishing) which, in the view of the Sentencing Commission, would warrant a higher sentence within the statutorily permissible range.” Rita, supra, at 351, 353.
These statements mean that the district court is free to make its own reasonable application of the § 3553(a) factors, and to reject (after due consideration) the advice of the Guidelines. If there is any thumb on the scales; if the Guidelines must be followed even where the district court’s application of the § 3553(a) factors is entirely reasonable; then the “advisory” Guidelines would, over a large expanse of their application, entitle the defendant to a lesser sentence *114 but for the presence of certain additional facts found by judge rather than jury. This, as we said in Booker, would violate the Sixth Amendment.